**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. 14CR10363 |
| ) | |
| v. ) | |
| ) | |
| (1) BARRY J. CADDEN, ) | |
| (2) GLENN A. CHIN, ) | |
| (3) GENE SVIRSKIY, ) | |
| (4) CHRISTOPHER M. LEARY, ) | |
| (5) JOSEPH M. EVANOSKY, ) | |
| (6) SCOTT M. CONNOLLY, ) | |
| (7) SHARON P. CARTER, ) | |
| (8) ALLA V. STEPANETS, ) | |
| (9) GREGORY A. CONIGLIARO, ) | |
| (10) ROBERT A. RONZIO, ) | |
| (11) KATHY S. CHIN, ) | |
| (12) MICHELLE L. THOMAS, ) | |
| (13) CARLA R. CONIGLIARO, ) | |
| (14) DOUGLAS A. CONIGLIARO ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO CONTINUE DISCOVERY DEADLINE**

NOW COME the Defendants, through counsel, and hereby move this Honorable Court to

extend the current discovery timed deadlines by a period of not less than 60 days.  Specifically,

the Court is requested to move the Discovery Motion deadline from November 3, 2015 to

January 3, 2016.  As grounds, Defendants state that they have recently learned of a significant

amount of additional discovery not yet produced by the Government, which necessitates an

extension in the above-referenced deadline.  In further support thereof, counsel state the

following:

1.        All Parties, the Magistrate Judge and the Court have agreed that the instant case

be designated as "complex" pursuant to 18 U.S.C. §3161(h)(7)(B)(ii).  (See Docket Doc. #s 153,

183, 347).

2.        On June 30, 2015, the Court set a discovery motions deadline of November 3,

2015, and scheduled an Interim Status Conference, for December 3, 2015.  (Doc. 273).

Defendants understood that the Government's production of discovery materials would be

substantially completed well in advance of these dates, so that Defendants would be able to

assess whether gaps existed in those productions prior to the final deadline for filing motions to

compel.

3.        Recently, however, the Government has represented to defense counsel that it

intends to produce an additional 50,000 emails that have "hit" on one or more relevant search

terms.  It further has represented that there are an unspecified number of additional e-mails –

above and beyond the 50,000 – which also have hit on one or more search terms and which are

still in the process of being screened for production.   As to the latter documents, the

Government states it is unable to estimate either the quantity or the production date.

4.        Once the Government completes the foregoing productions, time will be required

for the discovery management team to download the new discovery into the discovery database

and then additional time for each of the Defendants to review and search the new discovery.

5.        This will cause further delays as all defense counsel are continuing to review the

discovery provided by the Government to date, which needed to be processed and downloaded

into a searchable database for review using specialized litigation support software.  (The *ex parte*

submissions of the CJA counsel in support of interim billing and the discovery coordinator are incorporated herein by reference.  Counsel are prepared to submit *ex parte* supplements to this motion addressing their review of the discovery to date should the Court require same).

6.      Counsel have only been able to search this database since July and, as a result, have had less than 4 months to search and review the millions of documents related to their clients and it has not been physically possible to conduct the searches necessary during that limited period of time.[1]

7.      As an example, counsel for Defendant Ronzio submits that the nearly 1,000 Government "Ronzio hot and relevant documents" (documents that the Government culled during its investigation that it feels are significant to its case against Ronzio), took approximately 90 hours to review, but there are 240,000 other documents that are potentially relevant to Ronzio and hundreds of hours of audio/video files.[2]

8.      There also are discovery motions and requests currently pending with the Court and the Government that may result in further Government disclosures.

9.      Further, pursuant to the Court's Order on Defendants' motion to compel, the Government has recently disclosed the search terms that it used to compile the materials that it produced to Defendants in discovery.  On initial review, substantial gaps appear to exist in those terms, which will require additional clarification from the Government and may require additional Court intervention.  For example, the Government's search terms do not include the phrase "patient names" or the term "quarantine," despite the centrality to the Government's charges of: (a) whether NECC processed customer orders notwithstanding the absence of patient

---

[1] Counsel were able to review PDF files produced by the Government and other documents in various formats prior to July, but this represented a small fraction of the discovery contained on the data base.
[2] Other defendants have significantly more documents to review.

names; and (b) whether NECC shipped drugs that should have been quarantined pending the receipt of sterility and potency test results.  Based on the omission of these and other relevant search terms, a significant question has arisen concerning the adequacy of the government's compilation and production of discovery materials.

10.     Finally, regardless of the foregoing issues surrounding the Government's search terms, defense counsel have not completed their review of the materials produced to date and will likely need several additional weeks to complete this task.

WHEREFORE, for the foregoing reasons, this Honorable Court is respectfully urged to grant the instant motion.

## CERTIFICATE PURSUANT TO L.R. 7.1

On October 22, 2015, the undersigned counsel conferred with the United States Attorney's office and was advised that the Government would oppose a request to continue the deadline by 60 days.

Respectfully submitted,

Peter Charles Horstmann, Esq.
BBO #556377
450 Lexington Street, Suite 450
Newton, Massachusetts 02466
(617) 723-1980

Attorney for Defendant Robert Ronzio

  */s/   Bruce A. Singal*
Bruce A. Singal (BBO# 464420)
Michelle R. Peirce (BBO# 557316)
Callan G. Stein (BBO# 670569)
DONOGHUE, BARRETT & SINGAL, PC
One Beacon Street – Suite 1320
Boston, MA 02108
Telephone:  (617) 720-5090
bsingal@dbslawfirm.com
mpeirce@dbslawfirm.com
cstein@dbslawfirm.com

SHARON CARTER,
By her attorneys,

  */s/   Michael Pineault*
Michael Pineault
CLEMENTS & PINEAULT, LLP
23 Federal Street
Boston, MA 02108
Telephone:  (857) 445-0133

GLENN CHIN,
By his attorneys,

  */s/   Stephen Weymouth*
Stephen Weymouth
LAW OFFICE OF STEPHEN WEYMOUTH
65a Atlantic Avenue, Suite 3
Boston, MA 02110
Telephone:  (617) 573-9598

KATHY CHIN,
By her attorneys,

  */s/   Joan Griffin*
Joan Griffin
P.O. Box 133
Dublin, NH 03444
Telephone:  (617) 283-0954

SCOTT CONNOLLY,
By his attorneys,


  /s/   Raymond Sayeg, Jr.
Raymond Sayeg, Jr.
KRATTENMAKER O'CONNOR & INGBER P.C.
One McKinley Square
Fifth Floor
Boston, MA 02109
Telephone:  (617) 523-4010

JOSEPH EVANOSKY
By his attorneys,


  /s/   Mark Pearlstein
Mark Pearlstein
Dana McSherry
MCDERMOTT, WILL & EMERY
28 State Street
Boston, MA 02109
Telephone:  (617) 545-4000

CHRISTOPHER LEARY,
By his attorneys,


  /s/   Paul Kelly
Paul Kelly
Sarah Walsh
JACKSON LEWIS PC
75 Park Plaza, 4th Floor
Boston, MA 02116
Telephone:  (617) 367-0025

ALLA STEPANETS
By her attorneys,


  /s/   John Cunha, Jr.
John Cunha, Jr.
Michael McDonald
CUNHA & HOLCOMB, PC
One State Street, Suite 500
Boston, MA 02109
Telephone:  (617) 523-4350

GENE SVIRSKIY
By his attorneys,


  /s/   Jeremy Sternberg
Jeremy Sternberg
Chris Iaquinto
HOLLAND & KNIGHT
10 St. James Avenue, 11th Floor
Boston, MA 02116
Telephone:  (617) 854-1476

MICHELLE THOMAS
By her attorneys,


  /s/   Michael Bourbeau
Michael Bourbeau
BOURBEAU AND BONILLA, LLP
236 Commercial Street, Unit One
Boston, MA 02109
Telephone:  (617) 350-6565


## CERTIFICATE OF SERVICE PURSUANT TO L.R. 5.2(b)

I, Peter Charles Horstmann, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 27, 2015.


Peter Charles Horstmann, Esq.